**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| **GABRIEL EDUARDO LARA CRESPO,** | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:26-cv-00653-WWB-SJH |
| v. | ) | |
| JOSEPH B. EDLOW, Director, | ) | AMENDED COMPLAINT FOR WRIT |
| U.S. Citizenship and Immigration Services; | ) | OF MANDAMUS AND RELIEF |
| FIELD OFFICE DIRECTOR, | ) | UNDER THE ADMINISTRATIVE |
| USCIS Jacksonville Field Office; | ) | PROCEDURE ACT |
| Markwayne Mullin, Secretary, | ) | |
| U.S. Department of Homeland Security; and | ) | |
| Todd Blanche, Attorney General of the United States | ) | |
| each in their official capacity, | ) | |
| Defendants. | ) | |

______________________________________/

**AMENDED COMPLAINT FOR WRIT OF MANDAMUS AND RELIEF UNDER THE ADMINISTRATIVE PROCEDURE ACT**

**PRELIMINARY STATEMENT**

Plaintiff Gabriel Eduardo Lara Crespo, by and through undersigned counsel, brings this action pursuant to the Mandamus Act, 28 U.S.C. § 1361, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 555(b) and 706(1), to compel Defendants to adjudicate Plaintiff's Form I-485, Application to Register Permanent Residence or Adjust Status, which has been pending since March 8, 2024—more than two years without a final decision.

Plaintiff is a Cuban national who was lawfully paroled into the United States on January 28, 2023, and who timely filed for adjustment of status under the Cuban Adjustment Act of 1966, Pub. L. No. 89-732, 80 Stat. 1161 ("CAA"). Plaintiff has fully complied with all USCIS requirements. Despite that compliance, Defendants have not adjudicated the application. USCIS has issued a duplicative receipt for a zero-fee amendment, refused to consolidate the duplicate filings, and issued a redundant Request for Evidence ("RFE") notwithstanding Plaintiff's prior compliance,

while offering only boilerplate workload justifications that do not excuse the failure to discharge a non-discretionary statutory duty.

Plaintiff seeks a writ of mandamus and a court order directing Defendants to adjudicate the pending Form I-485 without further delay. Plaintiff does not ask this Court to direct the outcome of that adjudication—only to compel Defendants to perform their non-discretionary duty to make a decision. This action is properly within this Court's jurisdiction, as set forth below.

**PARTIES**

1. Plaintiff Gabriel Eduardo Lara Crespo is a native and citizen of Cuba who currently resides in Jacksonville, Florida. Plaintiff is the applicant in the pending Form I-485 proceeding bearing Receipt Numbers MSC2490541333 and IOE0932582499, with Alien Registration Number A232 241 039.

2. Defendant Joseph B. Edlow is the Director of U.S. Citizenship and Immigration Services ("USCIS") and is sued in his official capacity. The Director has final authority over USCIS adjudications. See 6 U.S.C. § 271.

3. Defendant Field Office Director, USCIS Jacksonville Field Office, is the supervisory officer responsible for adjudications processed through the Jacksonville Field Office and is sued in his or her official capacity. The Jacksonville Field Office is located at 4121 Southpoint Boulevard, Jacksonville, Florida 32216.

4. Defendant Markwayne Mullin is the Secretary of the U.S. Department of Homeland Security ("DHS") and is sued in his official capacity. The Secretary has oversight responsibility for USCIS. See 6 U.S.C. §§ 112, 251–252.

5. Defendant Todd Blanche is the Attorney General of the United States and is sued in his official capacity. The Attorney General has supervisory authority over immigration enforcement under 8 U.S.C. § 1103.

**JURISDICTION AND VENUE**

**A. Basis for Jurisdiction**

6. This Court has subject matter jurisdiction over this action pursuant to: (a) 28 U.S.C. § 1331, which grants federal district courts jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; (b) 28 U.S.C. § 1361 (the Mandamus Act), which grants federal district courts original jurisdiction over any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the petitioner; (c) 5 U.S.C. § 702 (APA), which provides a right of judicial review to persons adversely affected by agency action; and (d) 28 U.S.C. § 2201, which authorizes declaratory relief in cases of actual controversy.

**B. Why 8 U.S.C. § 1252(a)(2)(B) Does Not Bar Jurisdiction**

7. This Court should be aware of 8 U.S.C. § 1252(a)(2)(B), which strips jurisdiction to review (i) certain judgments regarding the discretionary grant of relief under specified statutory provisions, including 8 U.S.C. § 1255, and (ii) other discretionary decisions of the Attorney General or the Secretary of Homeland Security. However, that provision does not strip this Court's jurisdiction over the present action for three independent reasons.

8. First, Plaintiff does not seek review of any "judgment regarding the granting of" adjustment of status, nor does he challenge any discretionary decision. Plaintiff seeks only to compel Defendants to perform the non-discretionary ministerial duty to render a decision on a pending application. The duty to adjudicate within a reasonable time is mandatory and non-discretionary, even if the ultimate outcome of adjudication may be discretionary. See Norton v. S. Utah Wilderness All., 542 U.S. 55, 64 (2004); Heckler v. Ringer, 466 U.S. 602, 616 (1984). Numerous courts have held that § 1252(a)(2)(B) does not bar mandamus actions seeking to compel adjudication rather than to dictate an outcome. See Labaneya v. USCIS, 965 F. Supp. 2d 823, 827 (E.D. Mich. 2013) (collecting cases); Geneme v. Holder, 935 F. Supp. 2d 184, 190 (D.D.C. 2013).

9. Second, the CAA, Pub. L. No. 89-732, 80 Stat. 1161, is codified at 8 U.S.C. § 1255 note, not at § 1255 itself. Because § 1252(a)(2)(B)(i) lists § 1255 as a specific provision—not the statutory note—the jurisdiction-stripping bar does not apply by its plain terms to the CAA's grant of adjustment eligibility. See Pub. L. No. 89-732 (codified at 8 U.S.C. § 1255 note); cf. 8 U.S.C. § 1252(a)(2)(B)(i).

10. Third, Plaintiff's action raises questions of unreasonable agency delay and arbitrary and capricious action that fall within the Court's APA review authority under 5 U.S.C. § 706(1) and (2). These claims do not require the Court to review the merits of any discretionary determination; rather, they require the Court to assess whether the agency has unlawfully withheld or unreasonably delayed a required action—a quintessential judicial function that § 1252(a)(2)(B) does not reach.

**C. Venue**

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(e)(1), as Plaintiff resides in Jacksonville, Florida, within the Middle District of Florida, and a substantial part of the events giving rise to this action occurred in this District.

## APPLICABLE LAW

**A. The Cuban Adjustment Act**

12. The CAA provides that any native or citizen of Cuba who has been inspected and admitted or paroled into the United States after January 1, 1959, and who has been physically present in the United States for at least one year, may apply for adjustment to the status of an alien lawfully admitted for permanent residence if otherwise eligible. Pub. L. No. 89-732, § 1, 80 Stat. 1161 (codified at 8 U.S.C. § 1255 note). Adjustment under the CAA is available regardless of immigration status at entry and does not require an immigrant visa to be immediately available.

**B. The Administrative Procedure Act**

13. 5 U.S.C. § 555(b) requires federal agencies to conclude matters presented to them "within a reasonable time." 5 U.S.C. § 706(1) empowers courts to "compel agency action unlawfully withheld or unreasonably delayed." Additionally, 5 U.S.C. § 706(2) authorizes courts to set aside agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

**C. The Mandamus Act**

14. The Mandamus Act, 28 U.S.C. § 1361, vests district courts with original jurisdiction to compel a federal officer to perform a duty owed to the plaintiff. Mandamus relief requires: (1) a clear right in the plaintiff to the relief sought; (2) a clear duty in the defendant to perform the act; and (3) no other adequate remedy available at law. Heckler v. Ringer, 466 U.S. 602, 616 (1984). All three elements are satisfied here.

## FACTUAL BACKGROUND

### A. Plaintiff's Background and Statutory Eligibility

15. Plaintiff Gabriel Eduardo Lara Crespo is a native and citizen of Cuba, born on June 9, 1992. He was authorized to travel to the United States under the Cuban Humanitarian Parole ("CHP") program.

16. Plaintiff entered the United States on January 28, 2023, at Los Angeles, California, in CHP status, and has remained continuously present in the United States since that date.

17. Plaintiff has no criminal record. A local criminal background check conducted by the Jacksonville Sheriff's Office on January 16, 2024 confirmed that Plaintiff has no arrest record in Duval County. A copy of that background check is attached hereto as Exhibit A and is incorporated herein.

18. Plaintiff satisfies all statutory requirements for adjustment of status under the CAA: he is a native and citizen of Cuba; he was paroled into the United States after January 1, 1959; he has been physically present in the United States for more than one year; and he has no disqualifying criminal history or other bars to adjustment. See Pub. L. No. 89-732, 80 Stat. 1161.

### B. Filing of the Form I-485 and USCIS Acceptance

19. On March 8, 2024, Plaintiff filed a Form I-485, Application to Register Permanent Residence or Adjust Status, pursuant to the CAA, with the required filing fee of $1,225.00. USCIS accepted the application and issued Receipt Number MSC2490541333. A copy of the initial receipt notice is attached hereto as Exhibit B and is incorporated herein.

20. On July 3, 2024, USCIS issued a Form I-797C Notice of Action confirming receipt of the I-485, with a Priority Date of March 6, 2024, A-Number A232 241 039, and a preference classification of Cuban Adjustment Act, processed through the National Benefits Center. A copy of that notice is attached hereto as Exhibit C and is incorporated herein.

21. On May 9, 2024, USCIS updated Plaintiff's case status online to indicate that a "duplicate notice" regarding a decision had been mailed. No decision was ever issued or received, and the application remained pending without explanation of this anomalous status update.

**C. Biometrics and Employment Authorization**

22. USCIS determined it was not necessary for Plaintiff to appear for a new biometrics appointment. USCIS confirmed through a Form I-797C Notice of Action dated June 25, 2025 (Receipt Number IOE0932582499) that existing biometrics were sufficient. A copy of that notice is attached hereto as Exhibit D and is incorporated herein.

23. Plaintiff's associated Form I-765, Application for Employment Authorization, was approved, and Plaintiff received an Employment Authorization Document ("EAD") valid from June 26, 2024 through June 25, 2029, under eligibility category C09 (pending adjustment applicant). This approval affirmatively confirms Plaintiff's facial eligibility for adjustment of status. A copy of the EAD approval notice is attached hereto as Exhibit E and is incorporated herein.

**D. The June 2025 Supplemental Filing and Duplicative Receipt Number**

24. On or about June 17, 2025, Plaintiff, through counsel, submitted additional materials to correct minor issues in the pending application and expressly requested that USCIS treat the submission as an amendment to the existing filing under Receipt Number MSC2490541333.

25. USCIS accepted the June 2025 submission and issued a second Form I-797C Notice of Action bearing Receipt Number IOE0932582499, with a filing fee of $0.00—confirming that USCIS did not treat the submission as a new, independent application. USCIS assigned the matter to the National Benefits Center. A copy of that second receipt notice is attached hereto as Exhibit F and is incorporated herein.

26. The existence of two receipt numbers for a single adjustment of status application has fragmented the administrative record and impeded efficient adjudication. USCIS has refused to consolidate the two receipt numbers despite Plaintiff's express request.

**E. The Redundant Request for Evidence**

27. On July 3, 2025, USCIS issued an RFE in connection with Receipt Number IOE0932582499, requesting submission of Form I-693, Report of Medical Examination and Vaccination Record, despite Plaintiff having previously submitted the required medical documentation in connection with the initial March 2024 filing. A copy of the RFE is attached hereto as Exhibit G and is incorporated herein.

28. Plaintiff timely responded to the RFE. On July 16, 2025, USCIS acknowledged receipt of the response through a Form I-797C Notice of Action. No further substantive action has been taken since that date. A copy of the RFE response acknowledgment is attached hereto as Exhibit H and is incorporated herein.

**F. Administrative Inquiries and Boilerplate Agency Responses**

29. On June 5, 2025, Plaintiff, through counsel, submitted a first service request to USCIS asserting that the case was outside normal processing times. USCIS assigned Inquiry ID SR11562502516RPA and advised that at least 60 days would be needed to process the inquiry.

30. On July 29, 2025, USCIS responded, attributing the delay to "workload factors not related to [Plaintiff's] application" and offering no specific timeline or individualized explanation. A copy of that response is attached hereto as Exhibit I and is incorporated herein.

31. On August 4, 2025, Plaintiff submitted a second service request seeking clarification and formally requesting consolidation of Receipt Numbers MSC2490541333 and IOE0932582499. USCIS assigned Referral ID WKD2162500824JAC and forwarded the matter to the Jacksonville Field Office.

32. On August 14, 2025, USCIS responded, stating the application remained within normal processing times and expressly denying Plaintiff's request to merge the two receipt numbers, without addressing the duplicative filing situation. A copy of that response is attached hereto as Exhibit J and is incorporated herein.

33. On September 29, 2025, Plaintiff submitted a third service request regarding the continued delay. USCIS assigned Inquiry ID SR12722501827RPA.

34. On October 6, 2025, USCIS again responded that the application remained pending within normal processing times, again without addressing the duplicative filings, the denied consolidation request, or any individualized basis for the ongoing delay. A copy of that response is attached hereto as Exhibit K and is incorporated herein.

**G. FOIA Records Confirming Pending Status**

35. Plaintiff obtained records through a Freedom of Information Act ("FOIA") request, produced on April 10, 2025 (A-Number 232241039). Those records confirm that the application was received and processed at intake but has not been adjudicated. The records reflect administrative activity but no final decision and no meaningful progress toward resolution. Copies of the relevant FOIA-produced records are attached hereto as Exhibit L and are incorporated herein.

36. At all relevant times, Plaintiff has been represented by counsel, has timely responded to all agency requests, and has taken all reasonable steps to facilitate adjudication. The delay in adjudication is not attributable to any act or omission of Plaintiff.

## CAUSES OF ACTION

### COUNT I

**Writ of Mandamus (28 U.S.C. § 1361)**

37. Plaintiff realleges and incorporates by reference the factual allegations set forth in paragraphs 1 through 36 above as if fully set forth herein. The legal arguments and relief sought in this Count are separate from those in Count II.

38. **Clear Right.** Plaintiff Has a Clear Right to Adjudication. Plaintiff has a clear, legally cognizable right to have his properly filed Form I-485 adjudicated by USCIS. The CAA confers upon eligible Cuban nationals a statutory entitlement to apply for adjustment of

status. See Pub. L. No. 89-732, 80 Stat. 1161. Plaintiff has established that he meets all eligibility criteria, and his application has been accepted by USCIS.

39. **Non-Discretionary Duty.** Defendants Have a Clear, Non-Discretionary Duty to Adjudicate. USCIS has a non-discretionary duty to adjudicate pending applications within a reasonable time. That duty arises from the APA, 5 U.S.C. § 555(b), and is enforceable through mandamus. Heckler v. Ringer, 466 U.S. 602, 616 (1984). Although the ultimate grant or denial of an I-485 may be discretionary, the obligation to render a decision is not. See Norton v. S. Utah Wilderness All., 542 U.S. 55, 64 (2004). Under 8 C.F.R. § 103.1, USCIS bears administrative responsibility for adjudicating immigration benefits, and 8 C.F.R. § 245.2 establishes the procedural framework for adjustment of status adjudications. Defendants' failure to act for more than two years constitutes a breach of this non-discretionary duty.

40. **No Adequate Remedy.** No Adequate Remedy at Law Exists. Plaintiff has exhausted available administrative channels, submitting three separate service requests over a period of more than sixteen months. Each was met with a boilerplate response offering no specific justification and no timeline. No alternative legal remedy exists that would provide the specific relief sought here. Cash v. Barnhart, 327 F.3d 1252, 1258 (11th Cir. 2003); Doe v. United States, 372 F.3d 1308, 1313 (11th Cir. 2004).

41. Pursuant to 28 U.S.C. § 1361, this Court should issue a writ of mandamus directing Defendants to adjudicate Plaintiff's pending Form I-485 within sixty (60) days of the entry of this Court's order.

## COUNT II

### Unreasonable Agency Delay Under the APA (5 U.S.C. §§ 555(b) and 706(1)) and Arbitrary and Capricious Agency Action (5 U.S.C. § 706(2))

42. Plaintiff realleges and incorporates by reference the factual allegations set forth in paragraphs 1 through 36 above as if fully set forth herein. The legal claims in this Count are distinct from those in Count I and are asserted as independent grounds for relief.

43. **Unreasonable Delay.** Unreasonable Delay (5 U.S.C. §§ 555(b) and 706(1)). The APA mandates that agencies "shall proceed to conclude a matter presented to it," 5 U.S.C. § 555(b), and empowers courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Defendants' failure to adjudicate Plaintiff's I-485 for more than two years—despite Plaintiff's full compliance with all USCIS requirements, timely response to the RFE, and exhaustion of administrative remedies—constitutes unreasonable delay in violation of 5 U.S.C. §§ 555(b) and 706(1).

44. **TRAC Factors.** TRAC Factor Analysis. Courts assess unreasonable delay by applying the six-factor framework of Telecomm. Research & Action Ctr. v. FCC ("TRAC"), 750 F.2d 70, 80 (D.C. Cir. 1984). All six TRAC factors support Plaintiff:

(a) Rule of Reason: No identifiable rule of reason governs this delay. USCIS accepted Plaintiff's application in March 2024, represented in May 2024 that a decision notice had been mailed (which it had not), created a second receipt number in June 2025 for the same application, issued a redundant RFE for medical documentation already on file, and has refused to consolidate duplicate filings—all while providing no individualized explanation for a delay exceeding two years.

(b) Statutory Timetable: No express deadline has been set by Congress for I-485 adjudications. However, USCIS's own published processing time benchmarks—while not binding—indicate that a delay exceeding two years, compounded by agency-created procedural irregularities, far exceeds any reasonable processing window.

(c) Human Health and Welfare: Adjustment of status under the CAA directly and fundamentally affects Plaintiff's welfare—determining his right to remain permanently in the United States, his access to employment and travel rights associated with lawful permanent residence, and the legal certainty essential to any meaningful life planning. TRAC, 750 F.2d at 80.

(d) Effect on Agency Priorities: Defendants have identified no competing adjudication priority that would be prejudiced by ordering adjudication of Plaintiff's application. General references to workload in service request responses do not identify any specific competing priority.

(e) Interests Prejudiced by Delay: Plaintiff has been denied the immigration stability that flows from lawful permanent resident status, including the ability to apply for naturalization, to obtain an unrestricted travel document, and to access benefits tied to LPR status. The prejudice is ongoing and cumulative with no end in sight.

(f) Absence of Agency Finding of Wrongdoing: USCIS has never identified any derogatory information, disqualifying factor, or basis for concern with respect to Plaintiff. The local background check confirms no criminal record, and Plaintiff's employment authorization was approved. There is no legal, factual, or administrative basis for the continued withholding of a decision.

45. **Arbitrary and Capricious.** Arbitrary and Capricious Action (5 U.S.C. § 706(2)). USCIS's own conduct created the duplicative receipt numbers when it issued a second receipt for an amendment Plaintiff filed to the original I-485. Notwithstanding that, USCIS has refused to consolidate those two receipts under a single file—without providing any rational basis for this refusal. This refusal is not the result of considered agency policymaking, but rather represents unexplained inconsistent administrative conduct that is arbitrary and capricious within the meaning of 5 U.S.C. § 706(2).

46. Defendants' failure to adjudicate Plaintiff's Form I-485 within a reasonable time, compounded by the agency-created duplicative filing and arbitrary refusal to consolidate, constitutes unreasonable delay and unlawfully withheld agency action in violation of 5 U.S.C. §§ 555(b) and 706(1), and arbitrary and capricious agency action in violation of 5 U.S.C. § 706(2).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue a Writ of Mandamus pursuant to 28 U.S.C. § 1361, ordering Defendants to adjudicate Plaintiff's Form I-485, Application to Register Permanent Residence or Adjust Status, bearing Receipt Numbers MSC2490541333 and IOE0932582499, within sixty (60) days of the entry of judgment, or within such other time as this Court deems appropriate;

2. Declare pursuant to 28 U.S.C. §§ 2201–2202 and 5 U.S.C. §§ 555(b) and 706(1) that Defendants' failure to adjudicate Plaintiff's Form I-485 within a reasonable time constitutes unreasonable delay and unlawfully withheld agency action in violation of the APA;
3. Declare pursuant to 5 U.S.C. § 706(2) that Defendants' refusal to consolidate the duplicative receipt numbers for Plaintiff's single adjustment of status application, without rational basis, constitutes arbitrary and capricious agency action;
4. Order Defendants to consolidate all administrative proceedings under a single receipt number to ensure consistent and efficient adjudication of Plaintiff's application;
5. Retain jurisdiction over this matter to ensure compliance with any order issued herein and to permit Plaintiff to seek further relief if Defendants fail to comply;
6. Award Plaintiff reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, and any other applicable statute; and
7. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

/s/ Anny Leon

**Anny Leon, Esquire, M.B.A.**

Florida Bar No. 1010760

Law Offices of Anny Leon PLLC

4243 Sunbeam Road, Suite 2

Jacksonville, Florida 32257

Telephone: (904) 379-1301

Email: anny@annyleonlaw.com

Attorney for Plaintiff Gabriel Eduardo Lara Crespo

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 22, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. I further certify that I caused a copy of the foregoing and all attachments to be served upon the appropriate Defendants via certified mail and/or electronic service in accordance with Fed. R. Civ. P. 4.

/s/ Anny Leon

Anny Leon, Esquire